In the Matter of Supplementary Proceedings: S. I. K. CORPORATION, Judgment Creditor, *v.* LOUIS ALBERT, Judgment Debtor.

Supreme Court, Special Term, Kings County, February 19, 1941.

*Samuel Komoroff,* for the judgment creditor.

*Irving A. Scheinberg,* for the judgment debtor.

CUFF, J. Motion by the judgment creditor herein for leave to withdraw two motions to punish for contempt. By decision dated January 8, 1941, said motions had been referred to an official referee to hear and determine. Orders have been submitted but they have not been signed.

The judgment debtor opposes " vigorously." The papers on the original motions were voluminous — unusually so. Because of the numerous contested items incorporated in that great mass of papers, I concluded that a hearing was the only way to adequately dispose of the matter. If the judgment creditor moves again to punish, it may be that he will submit another voluminous record. That may be proper in this case. If on that application multiple issues must be presented again, the judgment creditor should be prepared to proceed with a reference because taking of testimony is the only method that will insure a proper disposition of a matter when many issues are raised. On the other hand, if the judgment creditor is able to present concretely, concisely and briefly the alleged false statements or some of them, Special Term may be sufficiently informed of what happened and the reasons therefor, to make a disposition without a reference. I mention the form of the application because at the oral argument of the original motions, the moving counsel particularly requested that a reference be avoided. My decision on those motions referring the matter indicates that I was unable to comply with his request I assume that his reason for withdrawing the motions is to re-present them in a way that will render a hearing unnecessary. On this application he states that it is his opinion that " the issues can be presented in more concise form and on different papers."

The path of one moving to punish a person for contemptuous conduct in that he has obstructed justice by improperly and corruptly hindering a judgment creditor in his quest for assets is no trail of roses. The court should render no steeper that uphill climb. The administration of justice must lend its fullest co-operation to that determined creditor, who spends time and money to save from quiet and peaceful interment in the county clerk's office a mighty judgment of a court of justice. A court's chief function is to produce results in terms of cash, not merely to issue documents with high sounding names, which the sophisticated judgment debtor, his associates and all who follow his lead, find no trouble in reducing to a mere slip of paper or an empty record, destined to rest unnoticed in the archives of the clerk for the county. A judgment capable of being converted into cash is what the successful litigant sought when he came to court Ordinarily the business man is not interested in procedural processes. While those processes are essential, nothing should stand in the way of attaining the court's ultimate objective. Therefore, after judgment, the court should not discourage the judgment creditor who is seeking to expose the cheat; that person who having assumed obligations brazenly, which he never intended to pay, suffers a default judgment

or its equivalent to be entered. The court should be watchful, after entry of judgment, not to unwittingly aid such person while he tries to evade paying that judgment by resorting to all the old tricks and worn-out devices so familiar to the bar. Those sudden transfers of property, those versatile wives, sons and daughters, who can conduct business without any aid from the husband or father; those husbands whose wives have the bank account, to name just a few of the evasions and avoidances, which, if accepted, permit the cheat to announce with impunity to the person to whom the court has decreed he is justly indebted, " I am judgment proof. You can't get anything." His attitude and successful conduct sets a far-reaching bad example for those who know the truth of his financial status. The fact that so many of us have heard that expression — " I'm judgment proof "— so often fall from the lips of apparently prosperous persons is a sad commentary upon the administration of justice in that branch of its work devoted to collection of judgments.

There is no disgrace in being poor. Good men and women often find themselves unable to meet their obligations. Some misjudge their ability to pay or adversity intervenes. Finding themselves in that unfortunate predicament, they should not add to the debt that they owe by impeding their creditors in the latter's effort to collect. Judgment debtors owe the moral obligation to their creditors (it should be compulsory) to appear in supplementary proceedings for examination without the usual cost to the creditor occasioned by sending process servers after them. By their testimony they should establish frankly and candidly by books, etc., when possible, the state of their finances. Nothing short of a complete, willing disclosure and the fullest co-operation with the creditor and his attorney will attain for a judgment debtor who has no property or funds the title of " an honest debtor "— a characterization for which all who cannot pay their obligations should strive. No honorable person should be satisfied with less. On the other hand, a creditor may not persecute.

When a record of an examination in supplementary proceedings is submitted to an experienced judge, he recognizes at once " an honest debtor." Frankness labels him. It is not always as easy to discover the cheat. The creditor's attorney in collection cases usually is called upon to construct his case to discover assets from the testimony of the judgment debtor and his associates. It is not an easy task. Sometimes collection must be abandoned because of the client's unwillingness " to send good money after bad money."

I am making no decision as to the merits of this controversy. What I have said above is not directed against the judgment

debtor herein. As I decided when I referred the matter, I was unable on affidavits and parts of testimony to determine the issues presented on the contempt motion. What I have said, however, is germane because the judgment creditor asks for an opportunity to re-present his charges of obstructing justice on the part of the judgment debtor, so that they will be more concise in form; the judgment debtor has objected to giving him that opportunity. The least aid that this court should accord the judgment creditor is a chance to present his claim that the debtor can pay but won't and is succeeding in his plan by the use of untruthful testimony. I cannot impose terms as suggested by the judgment debtor. The motions to punish for contempt may be withdrawn.

Motion granted.